## Zlotnikoff v. Price-Jeffries Company, Inc.

*Victor S. Jaczun*, for plaintiff.

*Alfred O. Breinig, Jr.*, for defendant.

BODLEY, J., June 15, 1972.—In this action of ejectment plaintiff seeks to set aside a treasurer's tax sale of August 5, 1968, secure cancellation of the treasurer's tax deed to defendant and obtain possession of the real estate involved. The matter is before us upon plaintiff's motion for judgment upon the pleadings, which consist merely of complaint and answer thereto. The answer admits all of the operative facts pleaded in the complaint except the allegation that plaintiff's decedent-owner failed to receive a real estate tax bill for the year 1966.

The land in question was acquired by Thelma Zlotnikoff on August 20, 1956, with record title thereto remaining in her name until her death on January 29, 1970. On August 16, 1960, she married one Joseph May, who died June 23, 1964. The tax

duplicates list Thelma "Zlotnikoff" as the property owner through the year 1971 and contain a number of different mailing addresses. Taxes due for the year 1966 were unpaid, and in due time the nonpayment was returned to the Bucks County treasurer. However, taxes for the years 1967 through 1970 have been paid, allegedly by decedent and her heirs.

On June 3, 1968, the treasurer of the county sent a form of notice, by certified mail, to Thelma "Zlotnikoff," who was then Thelma "May," advising her that unless the 1966 real estate taxes totaling $35.02, together with interest, penalty and costs were paid, the premises would be sold at auction on August 5, 1968. This notice, although addressed to the owner's last known address on the tax rolls, was returned to the treasurer marked "Address Unknown." The land, consisting of some six acres, was not posted. The sale went forward nonetheless, being sold to defendant herein.

Judgment on the pleadings will be entered as prayed for in favor of plaintiff.

Section 7 of the Act of May 29, 1931, P. L. 280, 72 P. S. §5971(g), as amended,* provides, in part:

"In addition to such advertisement, at least ten days before any such sale, written notice thereof shall be served by the county treasurer, by registered mail or certified mail, upon the owner of such land, and if the whereabouts of the owner is unknown, such notice shall be served by registered mail or certified mail upon the terre tenant, if any . . . If such notice cannot be served in said manner upon the owner or terre tenant, then such notice shall be served by the county treasurer *by posting the same in the court-*

---

* The Real Estate Tax Sale Act of July 7, 1947, P. L. 1368, as amended, 72 PS §5860.101, et seq., has not been implemented in Bucks County as provided for in section 102.

*house and at a conspicuous place on the premises."*
(Italics supplied.)

Under the admitted facts in this case, it is clear that the treasurer neglected to comply with the provisions of the tax sale statute and, accordingly, the sale must be declared invalid. The attempt to give notice of the intended sale to the owner failed. There was no terre tenant upon whom notice could have been served. Posting, therefore, was essential to a valid sale. This was not done. In order to guard against the deprivation of property rights without due process of law, it is essential that the notice provisions of the statute be strictly complied with: Tax Claim Bureau of Montgomery County v. Wheatcroft, 2 Pa. Comm. Ct. 408, 412 (1971).

Although the Wheatcroft case was decided under the Real Estate Tax Sale Act (see footnote), the rationale is, of course, the same and strict compliance is essential. See Hess et ux. v. Westerwick, 366 Pa. 90, 97 (1950); Chessa v. McKenzie, 19 Cambria L. J. 1 (1958). If notice cannot be effected through the mails, it is essential to a valid sale that the posting be done in strict accordance with the law.

While it is true that one who has *actual knowledge* of an impending sale cannot take advantage of a technical deficiency in the sales process, such issue must be raised by way of affirmative defense. Knowledge on the part of plaintiff's decedent has not been pleaded by defendant here.

The burden of alleging and proving the negative fact of the absence of knowledge of the sale is not upon plaintiff. Nonetheless, in the case before us such negative fact is inferentially pleaded and admitted. It must be remembered that only the 1966 taxes were unpaid and that the taxes for each succeeding year were paid by the decedent or by some one on her

behalf. It is entirely unreasonable to assume that a land owner with knowledge of a treasurer's sale would not pay the delinquent taxes and yet continue to pay current taxes year after year.

Taxes for 1967 were paid on May 8, 1968, less than one month before the office of the treasurer sent the aborted notice to Thelma "Zlotnikoff." The tax collector of Springfield Township issued his receipt to Thelma "May" of 2661 Willets Road, Philadelphia, Pa., for the payment of the *1968 taxes.* The notice of sale mailed by the treasurer was addressed to "R. R. Coopersburg, Pa.," which had been listed on the rolls as the owner's residence for the years 1965 through 1970. It was not until 1971, following the death of the owner, that the Willets Road address appeared on the tax duplicate.

On July 2, 1969, *after the treasurer's sale,* the 1968 *tax receipt was issued to* Thelma "May" *at the* Philadelphia address and, finally, on June 1, 1970, the owner having died, the Philadelphia address 2661 Willets Road in some manner appeared in the records of the treasurer with the result that the notice of redemption was mailed to the decedent at that address. This notice, understandably, was also returned to the treasurer marked "addressee unknown." All reasonable inferences to be drawn from the foregoing pleaded and admitted facts would seem to establish that the decedent had no knowledge of the nonpayment of the 1966 taxes nor of the 1968 treasurer's sale.

The deceased owner's correct name, Thelma "May," and correct address were known by the tax collector in 1968 *before* the treasurer's notice of sale was mailed to her former address addressed to Thelma "Zlotnikoff." It was not until after her death in 1970 that the information available to the treasurer and Board of Assessment and Revision of Taxes in 1968

finally reached the treasurer. But even then, by reason of the fortuity of death, the notice of redemption mailed June 1, 1970, was not received.

Notwithstanding the ready availability of this information, it is true, as pointed out by defendant, that the treasurer has no statutory duty to search out and find taxpayers who are liable for the payment of real estate taxes. There is no question but that the owner is responsible for the payment of the taxes and the duty to pay exists notwithstanding the fact that he received no bill: Grace Building Company, Inc. v. Clouser et ux., 5 Comm. Ct. 110 (1972). This is the case, harsh as the rule may seem to be, even when the nonpayment is an obvious oversight which, as here, could have been called to the owner's attention and corrected by the tax collector himself long before the sale for delinquent taxes. Such a rule is essential, however, for the efficient and orderly enforcement of tax levies upon real estate.

However, this responsibility of the taxpayer does not relieve the taxing authorities from doing that which the statute requires of them to ensure the exhaustion of all possibility of notice to the delinquent taxpayer. Here, the treasurer failed to perform his statutory obligation in that he failed to post the requisite notice. Accordingly, the sale must be declared void.

## ORDER

And now, June 15, 1972, judgment is entered in favor of plaintiff and against defendant upon the pleadings. It is directed that upon payment of all proper costs of sale and delinquent taxes possession be given plaintiff of the real estate described in plaintiff's complaint and that the recorder of deeds cancel upon the record the deed delivered to defendant by the treasurer of Bucks County on or about December 1, 1970.